**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **James M. Patock, Sr.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 11-1910 (CKK)** |
| | : | |
| **U.S. Department of** | : | |
| **the Interior *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |


**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues several District of Columbia and United States

defendants for alleged constitutional violations and various common law torts.  The suit arises

out of plaintiff's arrest and conviction following a search of his trailer on the National Mall in the

District that uncovered firearms.  *See generally Patock v. Fox News Television Channel*,

1:11-cv-974, 2012 WL 695892, at *1-2 (E.D. Va. Mar. 1, 2012).  In addition to naming the

Department of Interior ("DOI") and its component United States Park Police, plaintiff sues at the

federal level the Department of Justice ("DOJ") and its component Federal Bureau of

Investigation ("FBI").  At the local level, plaintiff sues the District of Columbia, the Metropolitan

Police Department, the Department of Health, Department of Corrections Director Thomas P.

Hoey, District of Columbia  Jail Warden Simon Wainwright (hereafter "District of Columbia

defendants"), the Council of the District of Columbia, and Virginia German Shepherd Rescue,

Inc. ("VGSRI").  *See* Am. Compl. [Dkt. # 7] (Caption).

Pending are the District of Columbia defendants' motion to dismiss the amended

complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 15], which

plaintiff has not opposed, and the federal defendants' motion to dismiss under Rules 12(b)(1) and

12(b)(6), which plaintiff has opposed.  Upon consideration of the parties' submissions and taking

judicial notice of civil proceedings in the United States District Court for the Eastern District of

Virginia, the Court will grant both motions to dismiss.  In addition, the Court will dismiss the

complaint against the D.C. Council and VGSRI, neither of which has appeared in the case, under

the screening provision of 28 U.S.C. § 1915(e).

## BACKGROUND

This civil action is based on the same events underlying plaintiff's earlier-filed action in

the Eastern District of Virginia.  Since the factual record is more developed in the Eastern

District, this Court hereby adopts the Eastern District's background statement set forth in its

recently issued Memorandum Opinion.  *Patock,* 2012 WL 695892 at *1-2.  Notably, plaintiff

pleaded guilty on December 20, 2010, in the Superior Court of the District of Columbia, "to

Attempted Carrying of A Pistol Without a License and Possession of an Unregistered Firearm, in

violation of D.C. Code §§ 22-4504(a), 7-2502.01." *Id*. at *2.  He was sentenced on January 14,

2011, to a 180-day suspended sentence and one-year probation.  *Id*. *See also Patock v. District of

Columbia*, Crim. No. 2010 CF2 020876 (D.C. Super. Ct. Docket).

Proceedings in the Eastern District of Virginia

Plaintiff filed a civil complaint in the Eastern District on September 12, 2011, against

DOI and 13 other defendants.  *Patock,* 2012 WL 695892 at *2.  The Eastern District categorized

plaintiff's claims against DOI as (1) an FTCA claim based on alleged defamation by the Park

Police and unlawful conversion of plaintiff's German Shepherd and (2) a constitutional claim

based on "DOI's [alleged] refusal to return [plaintiff's] dog and the weapons seized during his

arrest." *Id*. In his "prayer for relief [plaintiff] request[ed] [the] return of his dog, but not his

firearms, and $20 million in damages." *Id*.

On March 1, 2012, the Eastern District granted DOI's motion to dismiss and dismissed

plaintiff's claims against DOI with prejudice. *Id*. at *7. That court found, *inter alia*, (1) that it

lacked  subject matter jurisdiction over the FTCA claim because plaintiff had failed to properly

exhaust his administrative remedies, (2) that plaintiff had no available remedy against DOI for

constitutional violations, and (3) that DOI could not redress plaintiff's claim for the return of his

German Shepherd because "it followed D.C. law and legally transferred Patock's dog to the

Humane Society" and, thus, lacked custody or control over it. *Id*. at *4-6. The Eastern District

further determined that since plaintiff's firearms "were confiscated in the course of his arrest in

the District of Columbia," it was not the proper venue for litigating plaintiff's claim for the return

of his firearms. *Id*. at *6.

The Proceedings in this Court

In rambling allegations supporting the instant complaint filed here on November 1, 2011,

plaintiff generalizes the alleged wrongs "by the named defendants" as "[o]fficial and police

malfeasance, and misconduct, police brutality, gross negligence . . . issuing false statements,

withholding evidence, destroying evidence, violation of the United States Freedom of

Information Act, negligently refusing to provide retractions of statements and information found

to be incorrect and fraud are also included." Am. Compl. at 2 ¶ 1. Plaintiff claims specifically

that his constitutional rights were violated in the following ways:

• His "second amendment rights were violated by the courts' refusal to follow the law as

specified in DC code 4504.01." *Id*. ¶ 2. He alleges that since he lived in his trailer for more than

two years, "the courts ignored the exemption that allowed me to have weapons for self-defense in

my home." *Id*.

    • The United States Park Police violated his due process rights under the Fifth

Amendment when it "confiscated [his] legal weapons . . . and . . . refused to return them." *Id*. ¶

4.

    • His "sixth amendment rights were violated when the judge allowed a statement

allegedly made by James McFarland into evidence during a hearing on November 5, 2010

without having the person present in the courtroom for cross-examination." *Id*. at 3 ¶ 5.

    • His "eighth amendment rights . . . were violated when [he] was kept in confinement  [in

the District of Columbia] where [he] was subject to constant physical and verbal abuse from both

other inmates and . . . many of the guards.  One guard Sargeant even loudly stated in my hearing

that white prisoners would be treated differently and far worse than blacks and Hispanics." *Id*. ¶

6.

    In his prayer for relief, plaintiff requests "the immediate return of my pet German

Shepherd . . . and my other property, including my firearms," and $20 million in monetary

damages. *Id*. at 7.

### DISCUSSION

The District of Columbia Defendants' Motion to Dismiss

    Since plaintiff has not opposed the District of Columbia defendants' motion to dismiss,

the Court, pursuant to the Order of January 19, 2012, will grant those defendants' motion as

conceded.  *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997)

(affirming district court's reliance on the absence of a response as a basis for treating a motion as

conceded and granting the motion); *accord Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95

(D.C. Cir. 2004); *see also Slovinec v. Amer. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007)

("Local Civil Rule 7(b) requires that a party opposing a motion serve and file an opposition at the

time directed by the Court; if he fails to do so, the court may treat the motion as conceded.")

(citations and internal quotation marks omitted); *cf. Crummey v. Social Sec. Admin.*, 794 F. Supp.

2d 46, 62 (D.D.C. 2011) (although *pro se* parties "are entitled to a certain amount of solicitude in

the conduct of litigation[,] . . . that such solicitude is not limitless and [they] are not relieved of

their obligation to comply with the applicable rules.") (citing *Slovinec*, 520 F. Supp. 2d at 111).

        The Federal Defendants' Motion to Dismiss

        In their motion filed on February 6, 2012, the federal defendants move to dismiss

plaintiff's claims against the Park Police on several grounds but also for being duplicative of his

claims pending in the Eastern District of Virginia.  In light of the Eastern District's ruling on

March 1, 2012, this Court finds that plaintiff is collaterally estopped from relitigating the claims

against DOI and the Park Police.  *See Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir.

2010) (finding that courts "may raise the res judicata preclusion defense *sua sponte*") (citing

*Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86

(D.C. Cir. 2008)); *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720

(D.C. Cir. June 2, 1999) (per curiam) (stating that a "district court may apply res judicata upon

taking judicial notice of [a] [party's] previous case") (citing *Gullo v. Veterans Cooperative*

*Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)); *see also Fenwick v. U.S.*, 691 F.

Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of res judicata and collateral

estoppel "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*.") (citations and internal quotation marks omitted) (alteration in original).

"Under [the doctrine of] collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) (internal quotations omitted). In order for collateral estoppel to bar a claim, "(1), the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2), the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3), preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007). A prior adjudication of the court's subject matter jurisdiction is foreclosed absent a showing that the jurisdictional defect has been cured. *See GAF Corp. v. United States*, 818 F.2d 901, 912-13 (D.C. Cir. 1987) ("[A] judgment ordering dismissal[] . . . will . . . preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal."); *Dozier v. Ford Motor Co.*, 702 F. 2d 1189, 1191 (D.C. Cir. 1983) ("[T]he doctrine of res judicata applies to dismissal[s] for lack of jurisdiction").

The instant claims against the Park Police were decided by the Eastern District of Virginia as revealed by the following:

> This matter comes before the Court on the Defendant Department of the Interior's ("DOI") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 121). Plaintiff alleges two grounds for relief against DOI. First, he requests relief under the Federal Tort Claims Act ("FTCA") for defamation and conversion committed by the DOI's component

the United States Park Police ("Park Police").  Second, he alleges DOI violated
his constitutional rights by confiscating his dog and firearms in the course of
his arrest.

DOI requests dismissal under 12(b)(1).  DOI asserts multiple bases for
dismissal of Plaintiff's tort claims.  DOI maintains that Plaintiff failed to
properly and timely present his tort claims to DOI before bringing suit in
federal court.  In addition, DOI contends that even if Patock's tort claims were
proper and timely, they would still fail on the merits.  Under DOI's theory,
defamation claims are barred by the FTCA and Plaintiff cannot state a claim
for conversion because no unlawful taking occurred. DOI contends Patock's
constitutional claims also fail.  No *Bivens* action lies against a federal agency
such as DOI.  Additionally, DOI is not the proper defendant to effectuate the
return of Patock's dog and this Court is not the proper venue for Patock to
request return of property confiscated pursuant to his arrest in Washington,
D.C.

The Court grants DOI's Motion to Dismiss and dismisses Plaintiff's
claims against DOI with prejudice.

*Patock*, 2012 WL 695892 at *1.  In rejecting the same argument plaintiff makes here that his
admitted failure to state a sum certain in his administrative tort claim is "simply administrative
guidelines and do not apply in a case of this complexity," Resp. to Dep't of Interior's Request for
Dismissal [Dkt. # 22] at 2, the Eastern District explained that "[r]equesting a sum certain is 'a
necessary element of any FTCA administrative claim.  Failure to request a sum certain within the
statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA
suit .'"  *Patock*, 2012 WL 695892 at *3 (quoting *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278
(4th Cir. 2000)).  The Eastern District therefore determined that "without a properly presented
administrative claim, the Court lacks subject matter jurisdiction over Patock's tort claims." *Id*.
(citation omitted).

This Court finds that plaintiff is estopped from litigating the FTCA exhaustion question
anew, which, in any event, would yield the same result. *See Abdurrahman v. Engstrom*, 168
Fed.Appx. 445, 445 (D.C. Cir.  2005) (per curiam) ("[T]he district court properly dismissed case

[based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *Tookes v. U.S.*,

811 F. Supp. 2d 322, 331 (D.D.C. 2011) ("In this Circuit, a claim is considered adequately

presented when a claimant provides the agency with '(1) a written statement sufficiently

describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain

damages claim.'") (quoting *GAF Corp.,* 818 F.2d at 905).

Furthermore, the Court finds that plaintiff is estopped from relitigating his constitutional

claims against DOI.  The Eastern District determined that it lacked jurisdiction over plaintiff's

constitutional claims against DOI because an action for monetary damages under *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) "does not lie against

either agencies or officials in their official capacity," *Patock*, 2012 WL 695892 at \*5 (citation

and internal quotation marks omitted), and "the return of [plaintiff's] German Shepard [sic] is not

redressable by DOI and thus not an appropriate use of the Court's equitable authority."  *Id*. at \*6.

As for the remaining federal defendants, DOJ and its component FBI, the Court finds that

plaintiff has not stated any facts to provide notice of a claim against those defendants, "and a

formulaic recitation of the elements of a cause of action [akin to plaintiff's generalized

allegations] will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  *See* Fed. R. Civ. P. 8(a) (requiring  complaint to contain "a short and plain statement of

the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (Rule 8 pleading is needed "'in order to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests[.]'") (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)).  To the extent that plaintiff is seeking monetary damages from DOJ, he has not

indicated in any way that he has pursued, let alone exhausted, his administrative remedies under

the FTCA.  Hence, the Court will grant the federal defendants' motion to dismiss the FTCA

claim under Rule 12(b)(1) and their motion to dismiss any other claims against DOJ and the FBI

under Rules 8(a) and 12(b)(6).

Dismissal of Claims Under 28 U.S.C § 1915(e)

Under the statute governing *in forma pauperis* proceedings such as this one, the Court

"shall dismiss the case at any time" it determines that the complaint, among other enumerated

grounds, fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Although the D.C. Council has not appeared and defended against the complaint, the Court will

dismiss the complaint against this defendant because plaintiff has not alleged any misconduct by

the Council for which it can be held liable.  To the extent that plaintiff is challenging the

legislation under which he was convicted as contrary to the Second Amendment, his available

remedy is by motion pursuant to D.C. Code § 23-110 filed in Superior Court.

VGRSI did not appear either in this case or in the Eastern District case.  *See Patock*, 2012

WL 695892 at *1.  Nevertheless, the Eastern District adjudicated the merits of plaintiff's claim

against this defendant because plaintiff had alleged that the "Park Police, District of Columbia

Department of Health and its agent the Humane Society, and VGRSI were 'complicit in stealing

my dog . . . and transferring her to Virginia . . . where she was put up for adoption.'"  *Id*. at *4

(quoting Am. Compl. at 10) (alterations in original).  It reasoned:

> The Court [] finds it implicit in the Amended Complaint that the
> Department of Health possessed Plaintiff's dog via a chain of custody whereby
> the Park Police transferred the dog to the Humane Society and the Humane
> Society transferred the dog to VGSRI. Under this factual scenario Patock does
> not state a claim for conversion sufficient to overcome 12(b)(6). . . . D.C. Law
> provides '[w]hen any person arrested is, at the time of such arrest, in charge of
> any animal . . . any agent of [the Washington Humane Society] may take
> charge of such animal . . . and deposit the same in a place of safe custody . . .'
> D.C.Code § 22–1012(a).  Far from unlawful conversion, DOI's transfer of the

9

German Shepard to the Humane Society was expressly permissible under D.C. law. Additionally, and contrary to Patock's assertion, following transfer from DOI to the Humane Society, no provision required the Humane Society to maintain custody of his dog until his release from incarceration. In fact, D.C. Code further provides "[t]he Mayor shall deem abandoned any animal impounded and not redeemed by its owner within 7 days of impoundment if such animal is wearing identification . . . . An animal deemed abandoned shall become the property of the District of Columbia and may be adopted or disposed of in a humane manner." D.C. Code § 8–1805(f).

*Patock*, 2012 WL 695892 a *4-5.[1] The Court hereby adopts the Eastern District's analysis of the claim against VGRSI and finds dismissal of the complaint against this defendant warranted for plaintiff's failure to state a claim of unlawful conversion.

Plaintiff's Claim for the Return of Firearms

The Eastern District found that it was not the proper venue for litigating plaintiff's claim to the extent that he was seeking the return of his firearms. *Id*. at *6. Since plaintiff was convicted in Superior Court, he presumably has an available remedy in that court under the rule governing motions for return of property. *See* D.C. Super. Ct. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the Court for the return of property . . . on the ground that such person is entitled to lawful possession of the property."). Hence, the dismissal of this claim is without prejudice to plaintiff's filing such a motion in Superior Court.

**CONCLUSION**

For the foregoing reasons, the Court will grant the District of Columbia defendants' motion to dismiss as conceded, grant the federal defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6), and dismiss, *sua sponte*, the complaint against the Council of the District

---

[1] The record in the Eastern District shows that "[c]ounsel for DOI contacted counsel for VGSRI to determine the whereabouts of the dog. . . ." *Patock*, 2012 WL 695892 at *1. According to VGSRI's counsel, "a family adopted the dog and VGSRI cannot disclose the name of the adopting family. . . . VGSRI did explain the situation to the family, but they refused to return the dog to Mr. Patock." *Id*. (citing Def.'s Reply).

of Columbia and Virginia German Shepherd Rescue, Inc.  A separate, final order accompanies

this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: July 6, 2012                        United States District Judge