UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **James M. Patock, Sr.,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1910 (CKK) |
| | : | |
| **U.S. Department of** | : | |
| **the Interior** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues several District of Columbia and United States defendants for alleged constitutional violations and various common law torts. The suit arises out of plaintiff's arrest and conviction following a search of his trailer on the National Mall in the District that uncovered firearms. *See generally Patock v. Fox News Television Channel*, 1:11-cv-974, 2012 WL 695892, at *1-2 (E.D. Va. Mar. 1, 2012). In addition to naming the Department of Interior ("DOI") and its component United States Park Police, plaintiff sues at the federal level the Department of Justice ("DOJ") and its component Federal Bureau of Investigation ("FBI"). At the local level, plaintiff sues the District of Columbia, the Metropolitan Police Department, the Department of Health, Department of Corrections Director Thomas P. Hoey, District of Columbia Jail Warden Simon Wainwright (hereafter "District of Columbia defendants"), the Council of the District of Columbia, and Virginia German Shepherd Rescue, Inc. ("VGSRI"). *See* Am. Compl. [Dkt. # 7] (Caption).

Pending are the District of Columbia defendants' motion to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 15], which

plaintiff has not opposed, and the federal defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6), which plaintiff has opposed. Upon consideration of the parties' submissions and taking judicial notice of civil proceedings in the United States District Court for the Eastern District of Virginia, the Court will grant both motions to dismiss. In addition, the Court will dismiss the complaint against the D.C. Council and VGSRI, neither of which has appeared in the case, under the screening provision of 28 U.S.C. § 1915(e).

## BACKGROUND

This civil action is based on the same events underlying plaintiff's earlier-filed action in the Eastern District of Virginia. Since the factual record is more developed in the Eastern District, this Court hereby adopts the Eastern District's background statement set forth in its recently issued Memorandum Opinion. *Patock,* 2012 WL 695892 at *1-2. Notably, plaintiff pleaded guilty on December 20, 2010, in the Superior Court of the District of Columbia, "to Attempted Carrying of A Pistol Without a License and Possession of an Unregistered Firearm, in violation of D.C. Code §§ 22-4504(a), 7-2502.01." *Id*. at *2. He was sentenced on January 14, 2011, to a 180-day suspended sentence and one-year probation. *Id*. *See also Patock v. District of Columbia*, Crim. No. 2010 CF2 020876 (D.C. Super. Ct. Docket).

Proceedings in the Eastern District of Virginia

Plaintiff filed a civil complaint in the Eastern District on September 12, 2011, against DOI and 13 other defendants. *Patock,* 2012 WL 695892 at *2. The Eastern District categorized plaintiff's claims against DOI as (1) an FTCA claim based on alleged defamation by the Park Police and unlawful conversion of plaintiff's German Shepherd and (2) a constitutional claim based on "DOI's [alleged] refusal to return [plaintiff's] dog and the weapons seized during his

arrest." *Id*. In his "prayer for relief [plaintiff] request[ed] [the] return of his dog, but not his firearms, and $20 million in damages." *Id*.

On March 1, 2012, the Eastern District granted DOI's motion to dismiss and dismissed plaintiff's claims against DOI with prejudice. *Id*. at *7. That court found, *inter alia*, (1) that it lacked subject matter jurisdiction over the FTCA claim because plaintiff had failed to properly exhaust his administrative remedies, (2) that plaintiff had no available remedy against DOI for constitutional violations, and (3) that DOI could not redress plaintiff's claim for the return of his German Shepherd because "it followed D.C. law and legally transferred Patock's dog to the Humane Society" and, thus, lacked custody or control over it. *Id*. at *4-6. The Eastern District further determined that since plaintiff's firearms "were confiscated in the course of his arrest in the District of Columbia," it was not the proper venue for litigating plaintiff's claim for the return of his firearms. *Id*. at *6.

The Proceedings in this Court

In rambling allegations supporting the instant complaint filed here on November 1, 2011, plaintiff generalizes the alleged wrongs "by the named defendants" as "[o]fficial and police malfeasance, and misconduct, police brutality, gross negligence . . . issuing false statements, withholding evidence, destroying evidence, violation of the United States Freedom of Information Act, negligently refusing to provide retractions of statements and information found to be incorrect and fraud are also included." Am. Compl. at 2 ¶ 1. Plaintiff claims specifically that his constitutional rights were violated in the following ways:

• His "second amendment rights were violated by the courts' refusal to follow the law as specified in DC code 4504.01." *Id*. ¶ 2. He alleges that since he lived in his trailer for more than

two years, "the courts ignored the exemption that allowed me to have weapons for self-defense in my home." *Id*.

• The United States Park Police violated his due process rights under the Fifth Amendment when it "confiscated [his] legal weapons . . . and . . . refused to return them." *Id*. ¶ 4.

• His "sixth amendment rights were violated when the judge allowed a statement allegedly made by James McFarland into evidence during a hearing on November 5, 2010 without having the person present in the courtroom for cross-examination." *Id*. at 3 ¶ 5.

• His "eighth amendment rights . . . were violated when [he] was kept in confinement [in the District of Columbia] where [he] was subject to constant physical and verbal abuse from both other inmates and . . . many of the guards. One guard Sargeant even loudly stated in my hearing that white prisoners would be treated differently and far worse than blacks and Hispanics." *Id*. ¶ 6.

In his prayer for relief, plaintiff requests "the immediate return of my pet German Shepherd . . . and my other property, including my firearms," and $20 million in monetary damages. *Id*. at 7.

## DISCUSSION

The District of Columbia Defendants' Motion to Dismiss

Since plaintiff has not opposed the District of Columbia defendants' motion to dismiss, the Court, pursuant to the Order of January 19, 2012, will grant those defendants' motion as conceded. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (affirming district court's reliance on the absence of a response as a basis for treating a motion as

conceded and granting the motion); *accord Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004); *see also Slovinec v. Amer. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007) ("Local Civil Rule 7(b) requires that a party opposing a motion serve and file an opposition at the time directed by the Court; if he fails to do so, the court may treat the motion as conceded.") (citations and internal quotation marks omitted); *cf. Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011) (although *pro se* parties "are entitled to a certain amount of solicitude in the conduct of litigation[,] . . . that such solicitude is not limitless and [they] are not relieved of their obligation to comply with the applicable rules.") (citing *Slovinec*, 520 F. Supp. 2d at 111).

The Federal Defendants' Motion to Dismiss

In their motion filed on February 6, 2012, the federal defendants move to dismiss plaintiff's claims against the Park Police on several grounds but also for being duplicative of his claims pending in the Eastern District of Virginia. In light of the Eastern District's ruling on March 1, 2012, this Court finds that plaintiff is collaterally estopped from relitigating the claims against DOI and the Park Police. *See Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (finding that courts "may raise the res judicata preclusion defense *sua sponte*") (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)); *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (stating that a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case") (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)); *see also Fenwick v. U.S.*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of res judicata and collateral

estoppel "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*.") (citations and internal quotation marks omitted) (alteration in original).

"Under [the doctrine of] collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) (internal quotations omitted). In order for collateral estoppel to bar a claim, "(1), the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2), the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3), preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007). A prior adjudication of the court's subject matter jurisdiction is foreclosed absent a showing that the jurisdictional defect has been cured. *See GAF Corp. v. United States*, 818 F.2d 901, 912-13 (D.C. Cir. 1987) ("[A] judgment ordering dismissal[] . . . will . . . preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal."); *Dozier v. Ford Motor Co.*, 702 F. 2d 1189, 1191 (D.C. Cir. 1983) ("[T]he doctrine of res judicata applies to dismissal[s] for lack of jurisdiction").

The instant claims against the Park Police were decided by the Eastern District of Virginia as revealed by the following:

> This matter comes before the Court on the Defendant Department of the Interior's ("DOI") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 121). Plaintiff alleges two grounds for relief against DOI. First, he requests relief under the Federal Tort Claims Act ("FTCA") for defamation and conversion committed by the DOI's component

> the United States Park Police ("Park Police"). Second, he alleges DOI violated his constitutional rights by confiscating his dog and firearms in the course of his arrest.
>
> DOI requests dismissal under 12(b)(1). DOI asserts multiple bases for dismissal of Plaintiff's tort claims. DOI maintains that Plaintiff failed to properly and timely present his tort claims to DOI before bringing suit in federal court. In addition, DOI contends that even if Patock's tort claims were proper and timely, they would still fail on the merits. Under DOI's theory, defamation claims are barred by the FTCA and Plaintiff cannot state a claim for conversion because no unlawful taking occurred. DOI contends Patock's constitutional claims also fail. No *Bivens* action lies against a federal agency such as DOI. Additionally, DOI is not the proper defendant to effectuate the return of Patock's dog and this Court is not the proper venue for Patock to request return of property confiscated pursuant to his arrest in Washington, D.C.
>
> The Court grants DOI's Motion to Dismiss and dismisses Plaintiff's claims against DOI with prejudice.

*Patock*, 2012 WL 695892 at *1. In rejecting the same argument plaintiff makes here that his admitted failure to state a sum certain in his administrative tort claim is "simply administrative guidelines and do not apply in a case of this complexity," Resp. to Dep't of Interior's Request for Dismissal [Dkt. # 22] at 2, the Eastern District explained that "[r]equesting a sum certain is 'a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.'" *Patock*, 2012 WL 695892 at *3 (quoting *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000)). The Eastern District therefore determined that "without a properly presented administrative claim, the Court lacks subject matter jurisdiction over Patock's tort claims." *Id*. (citation omitted).

This Court finds that plaintiff is estopped from litigating the FTCA exhaustion question anew, which, in any event, would yield the same result. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case

7

[based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *Tookes v. U.S.*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011) ("In this Circuit, a claim is considered adequately presented when a claimant provides the agency with '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim.'") (quoting *GAF Corp.,* 818 F.2d at 905).

      Furthermore, the Court finds that plaintiff is estopped from relitigating his constitutional claims against DOI.  The Eastern District determined that it lacked jurisdiction over plaintiff's constitutional claims against DOI because an action for monetary damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) "does not lie against either agencies or officials in their official capacity," *Patock*, 2012 WL 695892 at *5 (citation and internal quotation marks omitted), and "the return of [plaintiff's] German Shepard [sic] is not redressable by DOI and thus not an appropriate use of the Court's equitable authority." *Id*. at *6.

      As for the remaining federal defendants, DOJ and its component FBI, the Court finds that plaintiff has not stated any facts to provide notice of a claim against those defendants, "and a formulaic recitation of the elements of a cause of action [akin to plaintiff's generalized allegations] will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  *See* Fed. R. Civ. P. 8(a) (requiring complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 pleading is needed "'in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To the extent that plaintiff is seeking monetary damages from DOJ, he has not indicated in any way that he has pursued, let alone exhausted, his administrative remedies under

the FTCA. Hence, the Court will grant the federal defendants' motion to dismiss the FTCA claim under Rule 12(b)(1) and their motion to dismiss any other claims against DOJ and the FBI under Rules 8(a) and 12(b)(6).

Dismissal of Claims Under 28 U.S.C § 1915(e)

Under the statute governing *in forma pauperis* proceedings such as this one, the Court "shall dismiss the case at any time" it determines that the complaint, among other enumerated grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although the D.C. Council has not appeared and defended against the complaint, the Court will dismiss the complaint against this defendant because plaintiff has not alleged any misconduct by the Council for which it can be held liable. To the extent that plaintiff is challenging the legislation under which he was convicted as contrary to the Second Amendment, his available remedy is by motion pursuant to D.C. Code § 23-110 filed in Superior Court.

VGRSI did not appear either in this case or in the Eastern District case. *See Patock*, 2012 WL 695892 at *1. Nevertheless, the Eastern District adjudicated the merits of plaintiff's claim against this defendant because plaintiff had alleged that the "Park Police, District of Columbia Department of Health and its agent the Humane Society, and VGRSI were 'complicit in stealing my dog . . . and transferring her to Virginia . . . where she was put up for adoption.'" *Id*. at *4 (quoting Am. Compl. at 10) (alterations in original). It reasoned:

> The Court [] finds it implicit in the Amended Complaint that the Department of Health possessed Plaintiff's dog via a chain of custody whereby the Park Police transferred the dog to the Humane Society and the Humane Society transferred the dog to VGSRI. Under this factual scenario Patock does not state a claim for conversion sufficient to overcome 12(b)(6). . . . D.C. Law provides '[w]hen any person arrested is, at the time of such arrest, in charge of any animal . . . any agent of [the Washington Humane Society] may take charge of such animal . . . and deposit the same in a place of safe custody . . .' D.C.Code § 22–1012(a). Far from unlawful conversion, DOI's transfer of the

9

> German Shepard to the Humane Society was expressly permissible under D.C. law. Additionally, and contrary to Patock's assertion, following transfer from DOI to the Humane Society, no provision required the Humane Society to maintain custody of his dog until his release from incarceration. In fact, D.C. Code further provides "[t]he Mayor shall deem abandoned any animal impounded and not redeemed by its owner within 7 days of impoundment if such animal is wearing identification . . . . An animal deemed abandoned shall become the property of the District of Columbia and may be adopted or disposed of in a humane manner." D.C. Code § 8–1805(f).

*Patock*, 2012 WL 695892 a *4-5.[1] The Court hereby adopts the Eastern District's analysis of the claim against VGRSI and finds dismissal of the complaint against this defendant warranted for plaintiff's failure to state a claim of unlawful conversion.

    <u>Plaintiff's Claim for the Return of Firearms</u>

The Eastern District found that it was not the proper venue for litigating plaintiff's claim to the extent that he was seeking the return of his firearms. *Id*. at *6. Since plaintiff was convicted in Superior Court, he presumably has an available remedy in that court under the rule governing motions for return of property. *See* D.C. Super. Ct. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the Court for the return of property . . . on the ground that such person is entitled to lawful possession of the property."). Hence, the dismissal of this claim is without prejudice to plaintiff's filing such a motion in Superior Court.

## CONCLUSION

For the foregoing reasons, the Court will grant the District of Columbia defendants' motion to dismiss as conceded, grant the federal defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6), and dismiss, *sua sponte*, the complaint against the Council of the District

---

[1] The record in the Eastern District shows that "[c]ounsel for DOI contacted counsel for VGSRI to determine the whereabouts of the dog. . . ." *Patock*, 2012 WL 695892 at *1. According to VGSRI's counsel, "a family adopted the dog and VGSRI cannot disclose the name of the adopting family. . . . VGSRI did explain the situation to the family, but they refused to return the dog to Mr. Patock." *Id*. (citing Def.'s Reply).

of Columbia and Virginia German Shepherd Rescue, Inc.  A separate, final order accompanies this Memorandum Opinion.

DATE: July 6, 2012

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge